IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | |
|---|---|
| UTE INDIAN TRIBE,      ) | Civil Nos.  2:75-CV-00408 BSJ |
|             Plaintiff,    ) | 2:13-CV-00276 BSJ |
|      ) | (consolidated) |

UTE INDIAN TRIBE,                    )
                                                      )          Civil Nos.  2:75-CV-00408 BSJ
                     Plaintiff,              )                         2:13-CV-00276 BSJ
                                                      )                         (consolidated)
vs.                                                )
                                                      )
STATE OF UTAH, et al.,                )
                                                      )          **SCHEDULING ORDER**
                     Defendants.           )          **& ORDER RE: PENDING**
                                                      )          **MOTIONS**
                                                      )
UTE INDIAN TRIBE OF THE UINTAH &   )
OURAY RESERVATION, UTAH,      )

┌─────────────────────────────────┐
│                   **FILED**                    │
│   CLERK, U.S. DISTRICT COURT    │
│   November 14, 2013 (3:17pm)    │
│          DISTRICT OF UTAH           │
└─────────────────────────────────┘

                     Plaintiff,              )
                                                      )
vs.                                                )
                                                      )
STATE OF UTAH, et al.,                )
                                                      )
                     Defendants.           )

* * * * * * * * *

On June 24, 2013, the above-captioned action came on for hearing on all pending motions

and a pretrial conference on plaintiff's requests for preliminary injunctive relief.[1]  At that time,

---

[1](*See* Expedited Motion for Emergency Temporary Restraining Order, filed April 17, 2013 (CM/ECF No. 154); Motion for Preliminary Injunction, filed April 29, 2013 (CM/ECF No. 176).)

"An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008); *see Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) ("'[A] preliminary injunction is an extraordinary remedy, [and thus] the right to relief must be clear and unequivocal.'" (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)))).  In order for a party to obtain a preliminary injunction, that party must show

"(1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause
(continued...)

the court and counsel discussed the status of the case, the posture of the various pending motions,

including various motions to dismiss,[2] and the status of four pending state criminal prosecutions

identified by plaintiff as raising jurisdictional issues.[3]  During the course of that colloquy,

counsel for defendant Uintah County represented to the court that further proceedings in the four

pending criminal cases, as well as additional cases arising within the original Uncompahgre

Reservation or within Indian country located within the Uintah Valley Reservation, *see* 18 U.S.C.

§ 1151(a),[4] would be stayed pending the resolution of the jurisdictional issues in this action.[5]

---

[1](...continued)
the opposing party; (3) the injunction, if issued, would not be adverse to the public
interest; and (4) there is a substantial likelihood of success on the merits."

*Schrier*, 427 F.3d at 1258 (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003)); *Nova Health Systems v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006) (same); *see also Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (stating that "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief" (emphasis in original)).

[2](*See* Myton City's Motion to Dismiss and/or Motion for Judgment on the Pleadings, filed May 9, 2013 (CM/ECF No. 200); Roosevelt City's Motion to Dismiss and/or Motion for Judgment on the Pleadings, filed May 31, 2013 (CM/ECF No. 227); Plaintiff's Motion to Dismiss Defendant Uintah County's Counterclaim, filed May 29, 2013 (CM/ECF No. 222).)

[3]*State of Utah v. Keith K. Blackhair*, Case No. 121800379 (Eighth Dist. Ct., Uintah County, filed June 6, 2012); *State of Utah v. Jaymoe Tapoof*, Case No. 125902628 (Uintah County Justice Court, filed November 24, 2012); *State of Utah v. Janel Laureen Cuch*, Case No. 135900864 (Uintah County Justice Court, filed March 18, 2013); *State of Utah v. Maria Josie Jenkins*, Case No. 121800714 (Uintah County Justice Court, filed October 17, 2012);  *see also State of Utah v. Dean Lynn Reed*, Case No. 125200011 (Duchesne County Justice Court, dismissed October 30, 2012).

[4]At the June 24th pretrial conference, plaintiff's counsel referred to two additional criminal cases, *State of Utah v. Vernon Ryan Redfoot*, Case No. 131800158 (Eighth Dist. Ct., Uintah County, filed April 30, 2013), and *State of Utah v. Maylene Lucero*, Case No. 131800267 (Eighth Dist. Ct., Uintah County, filed April 30, 2013).  (*See* Transcript of Hearing, dated June 24, 2013, at 14:14-19 (Ms. Bassett).)  Plaintiff's draft pretrial order also refers to *State of Utah v. Terri Chapoose-Turco*, Case No. 121200359 (Duchesne County Justice Court, filed October 15, 2013), and *State of Utah v. Blake Nez*, Case No. 135901479 (Uintah County Justice Court, filed May 7, 2013).

(continued...)

At the parties' request, the court also deferred consideration of the  motions to dismiss filed by Myton and Roosevelt, awaiting the parties' further review of land status issues.

In light of the colloquy with counsel, the court invoked the language of Fed. R. Civ. P. 65(a)(2)[6] and consolidated the hearing on plaintiff's motion for a preliminary injunction with the trial on the substantive merits in this case,[7] and set corresponding pretrial schedule deadlines and

---

[4](...continued)

The *Redfoot* case was dismissed without prejudice on October 22, 2013, ostensibly in deference to a parallel federal prosecution in *United States v. Vernon Ryan Redfoot*, Case No. 2:13-CR-00042 (D. Utah, filed January 23, 2013).  Mr. Redfoot has entered a guilty plea in the federal case and is awaiting sentencing.  Ms. Lucero's attorney, J. Preston Stieff, has served a discovery request seeking, *inter alia*, a "copy of a map indicating the exact location of the stop and resulting arrest of the Defendant," but neither side has raised any jurisdictional question or requested a stay.  Mr. Nez' attorney, J. Preston Stieff, has requested a "jurisdictional hearing," currently calendared for November 18, 2013, but neither side has requested a stay.  On August 22, 2013, the prosecution filed a motion and order to stay further proceedings in the *Chapoose-Turco* case, and the court noted that the "Federal case on Jurisdiction will be heard in April of 2014."

[5](*See* Transcript of Hearing, dated June 24, 2013, at 86:17-89:4, 94:21-95:18.)  Counsel represented that the defendant counties would only proceed against tribal members in criminal cases clearly arising outside of the Ute reservation boundaries as previously defined in this case. (*Id.*)

It appears that upon motion by Uintah County, further proceedings in the *Jenkins* and *Blackhair* cases were stayed by orders entered on August 9, 2013.  On August 16, 2013, an order staying proceedings in the *Cuch* and *Tapoof* cases until November 1 was entered, followed by a second order staying proceedings until May 31, 2014—upon motion of the defendants' attorney, J. Preston Stieff.

[6]Fed. R. Civ. P. 65(a)(2) reads:

*(2) Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

[7](*See* Motion for Supplemental Proceeding or Motion to Supplement Complaint or Motion for Relief from Judgment, filed April 17, 2013 (CM/ECF No. 153); Complaint, filed April 17, 2013 (CM/ECF No. 2), in *Ute Indian Tribe of the Uintah and Ouray Reservation, Utah*

(continued...)

dates, as follows:

| | |
|---|---|
| Discovery Cut-off (Fact & Expert) | January 31, 2014 |
| Post-Discovery Motions | February 14, 2014 |
| Pretrial Conference | April 4, 2014 at 9:30 a.m. |
| Proposed Pretrial Order submitted to the court by | April 1, 2014 |

Counsel subsequently submitted competing forms of proposed scheduling orders, accompanied by objections to the competing proposals.  None has been signed or entered.

Shortly before and after the June 24th hearing, the parties filed additional motions to dismiss various pleadings,[8] which have been briefed but have not yet been heard.  On August 23, 2013, plaintiff filed a "Motion to Alter or Amend the Ruling Reflected in the Court's Minute Entry of July 9, 2013" (CM/ECF No. 286), seeking reconsideration of this court's Rule 65(a)(2) consolidation of the preliminary injunction hearing and trial on the merits and requesting a separate hearing on the preliminary injunction "on September 16, 2013, or as soon thereafter as

---

[7](...continued)
*v. State of Utah*, Case No. 2:13-CV-276 BSJ (consolidated); State of Utah's Answer and Counterclaim, filed May 28, 2013 (CM/ECF No. 219); Answer and Counterclaim and Third-Party Complaint of Defendant Duchesne County, filed June 7, 2013 (CM/ECF Nos. 238, 239); Defendant Uintah County's Amended Answer and Counterclaim and Third-Party Complaint, filed June 19, 2013 (CM/ECF Nos. 248, 251, 252).)

[8](*See* Uintah County's Rule 12(c) Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, filed June 19, 2013 (CM/ECF No. 250); Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss the State of Utah's Counterclaim, filed July 9, 2013 (CM/ECF No. 2013); Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss Duchesne County's Counterclaim, filed July 12, 2013 (CM/ECF No. 271); Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss Uintah County's Amended Counterclaim, filed July 26, 2013 (CM/ECF No. 278).)

reasonably possible."[9]  That motion posited that "[b]y week's end, the Ute Tribe intends to

submit a motion for a preliminary injunction that is both (1) narrowly tailored to preserving the

status quo, and (2) that will include information relating to encroachments on the Tribe's

sovereignty that have occurred since the Court hearing on June 24, 2012."[10]  Yet no such motion

was forthcoming.

Instead, the defendants filed responsive memoranda, and the plaintiff then filed a reply

asking that

> the Court not order a consolidation of the hearing on the Tribe's request for
> preliminary and permanent injunctive relief.  If the Court does consolidate the
> hearings, the Tribe requests that the Court set a date certain for the consolidated
> hearing on the Tribe's request for injunctive relief.  Additionally, the Tribe asks
> the Court bifurcate the issues on the Tribe's request for preliminary and
> permanent injunctive relief from the issues that have been raised in the

---

[9]Plaintiff's motion is framed as being made "under Fed. R. Civ. P. 59(e)," and seeks "reconsideration of the Court's ruling reflected in the Minute Order entered on July 9, 2013." This court's *minute entry* is not a *judgment*, and Rule 59(e) speaks of altering or amending judgments.  A panel of the court of appeals recently reviewed the standards applicable to reconsideration of a district court's interlocutory rulings:

> Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." *See also Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005).  For guidance, the court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e).  Grounds for granting a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000).  We review the reconsideration of an interim ruling for abuse of discretion. *See Rimbert v. Eli Lilly & Co.*, 647 F. 3d 1247, 1252 ( 10th Cir. 2011).

*Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458, 2013 WL 1799997, at *3 (10th Cir., Apr. 30, 3013) (unpublished disposition).

[10](Motion to Alter or Amend the Ruling Reflected in the Court's Minute Entry of July 9, 2013, filed August 6, 2013 (CM/ECF No. 286), at 10.)

Defendants' counterclaims and third-party claims.  Finally, the Tribe will seek a
protective order to stay discovery on the issues raised in the Defendants'
counterclaims and third-party claims until after the Court has ruled on the Tribe's
Rule 12(b) motions to dismiss the counter and third-party claims.[11]

No motion for protective order concerning discovery pertaining to the defendants' counterclaims

has yet been filed.[12]

In September and October, counsel filed a series of requests to submit for decision as to

several pending motions to dismiss.

Having reviewed the pending motions and related memoranda and exhibits, the court

concludes that several such motions should be calendared for hearing:

● Plaintiff's Motion to Dismiss Defendant Uintah County's Counterclaim, filed May 29,

2013 (CM/ECF No. 222);

● Uintah County's Rule 12(c) Motion to Dismiss Plaintiff's Complaint for Lack of

Subject Matter Jurisdiction, filed June 19, 2013 (CM/ECF No. 250);

● Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss the State of

---

[11](The Ute Tribe's Consolidated Reply to Responses Filed in Relation to the Tribe's
Objection to a Consolidation of the Hearings on the Tribe's Request for Preliminary and
Permanent Injunctive Relief, filed September 9, 2013 (CM/ECF No. 302), at 7. )

[12]Plaintiff's motion also made the curious assertion that "[d]ue to the lack of an
agreement on the scheduling order, the parties are now at a standstill and are unable to seek
discovery.  *See* FRCP 26(d)(1) and Rule 26(f)."  (Motion to Alter or Amend the Ruling Reflected
in the Court's Minute Entry of July 9, 2013, filed August 6, 2013 (CM/ECF No. 286), at 3 n.1.)
Rule 26(d)(1) routinely ties the commencement of formal discovery to the timing of the parties'
initial Rule 26(f) discovery conference, which must be held "at least 21 days before a scheduling
conference is to be held"—which in this case was set by Order of this court for April 30, 2013,
and was conducted on that date.  (*See* Minute Entry, dated April 30, 2013 (CM/ECF No. 231).)
The existing discovery schedule in this case was set in open court and on the record with
all counsel present at the June 24th pretrial conference.  (*See* Minute Entry, dated June 24, 2013
(CM/ECF No. 269).)  At the very least, it seems abundantly clear that discovery was to proceed
on an expedited basis from and after that date.  The setting of that schedule rendered moot any
need for the submission of a Rule 26(f) discovery plan by the parties.  The discovery clock was
and is running.

Utah's Counterclaim, filed July 9, 2013 (CM/ECF No. 270);

● Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss Duchesne

County's Counterclaim, filed July 12, 2013 (CM/ECF No. 271);

● Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss Uintah

County's Amended Counterclaim, filed July 26, 2013 (CM/ECF No. 278); and

● Third-Party Defendants' Rule 12(b) Motion and Supporting Memorandum to Dismiss

Uintah County's Third-Party Complaint, filed October 22, 2013 (CM/ECF No. 321).

Other pending motions may be deferred or disposed of without being calendared for hearing.[13]

In light of the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend the Ruling Reflected in the

Court's Minute Entry of July 9, 2013 (CM/ECF No. 286), is DENIED;

**IT IS FURTHER ORDERED** that as discussed with counsel at the June 24th pretrial

conference, the trial on the merits of the parties' claims and defenses in this action is advanced

and consolidated with the hearing on plaintiff's motion for preliminary injunction pursuant to

Fed. R. Civ. P. 65(a)(2), and the court hereby sets pretrial schedule deadlines and dates as

---

[13]The motions to dismiss filed by defendants Myton and Roosevelt are not calendared for hearing as the court has not heard further from counsel concerning the resolution of these matters. Counsel indicated that they would report back to this court concerning the status of these motions within thirty days of the June 24th hearing, (*see* Transcript of Hearing, dated June 24, 2013, at 102:4-103:20), but the court has heard nothing further as to either motion.

The motion to intervene filed on April 24, 2013 by Edson Gardner and Lynda Kozlowicz (CM/ECF No. 174), will be denied. Plaintiff's Motion to Strike Defendants' Legal Arguments Contained Within Their Proposed Pretrial Order for a Potential Evidentiary Hearing on the Tribe's Request for a Preliminary Injunction, filed June 21, 2013 (CM/ECF No. 258), is stricken as moot. Defendant Duchesne City's Joinder in Defendant Duchesne County's Objection to Plaintiff's Proposed Scheduling Order and Proposed Expedited Scheduling Order, filed July 17, 2013 (CM/ECF No. 275), largely reflects an aberration in the court's CM/ECF system and is stricken as superfluous. At least to this point, counsel are free to join in the motions or objections made by another party without first seeking leave of court.

follows:

| | |
|---|---|
| Discovery Cut-off (Fact & Expert) | **January 31, 2014** |
| Post-Discovery Motions | **February 14, 2014** |
| Pretrial Conference | **April 4, 2014 at 9:30 a.m.** |
| Proposed Pretrial Order submitted to the court by | **April 1, 2014** |

**IT IS FURTHER ORDERED** that the motions to dismiss listed above are hereby

calendared for hearing before this court on **Friday, January 10, 2014 at 9:30 a.m.**; and

**IT IS FURTHER ORDERED** that the motion to intervene filed by Edson Gardner and

Lynda Kozlowicz (CM/ECF No. 174), is DENIED; other motions are stricken as indicated

above, *see supra* note 13.

DATED this _14th_ day of November, 2013.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge