IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UTE INDIAN TRIBE, | Civil Nos. 2:75-CV-00408 BSJ |
| Plaintiff, | 2:13-CV-00276 BSJ |
| vs. | 2:13-CV-01070 BSJ |
| STATE OF UTAH, et al., | (consolidated) |
| Defendants. | **MEMORANDUM OPINION & ORDER RE: MOTIONS TO DISMISS** |
| UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION, UTAH, | |
| Plaintiff, | **FILED** <br> CLERK, U.S. DISTRICT COURT <br> April 23, 2014 (4:48pm) <br> DISTRICT OF UTAH |
| vs. | |
| STATE OF UTAH, et al., | |
| Defendants. | |
| UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION, UTAH, a Federally Recognized Indian Tribe, | |
| Plaintiff, | |
| vs. | |
| THE STATE OF UTAH, WASATCH COUNTY, a political subdivision of the State of Utah, GARY HERBERT, in his capacity as Governor of Utah, JOHN SWALLOW, in his capacity as Attorney General of Utah, SCOTT SWEAT, in his capacity as County Attorney for Wasatch County, Utah, and TYLER J. BERG, in his capacity as Assistant County Attorney for Wasatch County, Utah, | |
| Defendants. | |

\* \* \* \* \* \* \* \* \*

On January 10, 2014, the above-captioned action came on for hearing on a series of pending motions, including the plaintiff's motions to dismiss various counterclaims and third-party claims pleaded by several defendants.[1] At that time, the court heard arguments of counsel and made several rulings and requested counsel to prepare and submit appropriate proposed orders.[2]

Plaintiff's counsel submitted three such orders, one of which was signed and entered by the court.[3] Upon closer examination, it appeared that these proposed orders did not accurately reflect this court's rulings,[4] or the reasons therefor. It also appeared that specific rulings needed to be clarified.

---

[1] (*See* Plaintiff's Motion to Dismiss Defendant Uintah County's Counterclaim, filed May 29, 2013 (CM/ECF No. 222); Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss the State of Utah's Counterclaim, filed July 9, 2013 (CM/ECF 270); Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss Duchesne County's Counterclaim, filed July 12, 2013 (CM/ECF No. 271); Plaintiff's Motion to Dismiss Uintah County's Amended Counterclaim for Lack of Jurisdiction, filed July 26, 2013 (CM/ECF No. 278); Third-Party Defendants' Rule 12(b) Motion and Supporting Memorandum to Dismiss Uintah County's Third-Party Complaint, filed October 22, 2013 (CM/ECF No. 321).)

[2] (*See* Minute Entry, dated January 10, 2014 (CM/ECF No. 451).)

[3] (*See* Order on Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss Duchesne County's Counterclaims, filed February 24, 2014 (CM/ECF No. 481).)

[4] For example, the order re: Duchesne County's counterclaim recites that "the racketeering claims under count 2 are dismissed," but the racketeering allegations at issue are found in Duchesne County's *Third* Claim for Relief. (*See* Duchesne County's Answer, Counter-Claim and Third-Party Complaint, filed June 7, 2013 (CM/ECF Nos. 238/239), at ¶¶ 87-88, 90, 92.) Racketeering allegations aside, this court had ruled "that the second and third and fourth claims of Duchesne County should be decided at the plenary hearing" on the merits because they addressed core jurisdictional questions inseparable from those raised by the plaintiff in its own pleadings. (Transcript of Hearing, dated January 10, 2014 ("Tr. 1/10/14"), at 80:11-13 (the Court).)

**Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss Uintah County's Amended Counterclaim, filed July 26, 2013 (CM/ECF No. 278); and Third-Party Defendants' Rule 12(b) Motion and Supporting Memorandum to Dismiss Uintah County's Third-Party Complaint, filed October 22, 2013 (CM/ECF No. 321)**.

The court granted the Ute tribal third-party defendants' motion to dismiss Uintah County's Third-Party Complaint, with twenty days' leave to file an amended pleading seeking declaratory and injunctive relief against individual tribal officers under an *Ex Parte Young* theory, if the same may be sufficiently pleaded. The court also dismissed Uintah County's allegations concerning tribal participation in the filing of purportedly frivolous tribal court lawsuits against Uintah County officials for lack of sufficient facts to state a plausible claim for relief, also with twenty days' leave to amend.[5] The court denied the plaintiff's motion to dismiss as to core jurisdictional issues raised by Uintah County's Amended Counterclaim.[6]

**Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss the State of Utah's Counterclaim, filed July 9, 2013 (CM/ECF No. 270)**

The State of Utah's Answer and Counterclaim (CM/ECF No. 219) alleges that "the Ute Tribe attempts to assert civil, criminal and regulatory authority over lands owned by the State of Utah and by other private parties, but located within the external boundary asserted by the Ute Tribe over the Uncompahgre Reservation. Title to these lands was obtained from the United States and the Ute Tribe has no jurisdiction over these state lands."[7] The State seeks "a declaratory judgment that the Ute Tribe is asserting jurisdiction which not only exceeds the law of the case, but also established case law on tribal jurisdiction," in particular, that "the Ute Tribe

---

[5](*See* Tr. 1/10/14, at 48:15-50:25.)

[6]Uintah County's Amended Counterclaim and Third-Party Complaint appeared to plead a single claim with remedial subparts distinguished by topic, *e.g.*, interference with law enforcement on State and county roads.

[7](Answer and Counterclaim, filed May 28, 2013 (CM/ECF No. 219), at ¶ 8.)

does not have exclusive criminal jurisdiction as asserted in the Ute Tribe's Complaint and that the Ute Tribe's actions to impose access permits and UTERO on non-tribal businesses exceeds the law of the case. The Ute Tribe should be ordered to honor the stipulated Cooperative Agreements which are incorporated into the law of the case."[8] As such, the State's counterclaim appears to address core issues of the territorial and substantive extent of tribal jurisdiction, which await determination in the context of the plenary hearing on the merits.

The plaintiff moved to dismiss the State of Utah's counterclaim because of (1) the absence of an Article III case or controversy; (2) lack of standing; (3) the Tribe's sovereign immunity from suit, (4) the failure to join the United States as an indispensable party, or alternatively, (5) because the counterclaim fails to state a claim for relief. As to (1) and (2), the Tribe argues that the State has not identified a single instance in which the Tribe has exercised unlawful criminal or civil regulatory jurisdiction over a non-Indian individual or entity within the Uncompahgre Reservation, including instances in which the Tribe in fact issued access permits to persons leaving public highways and entering lands subject to tribal jurisdiction.

Sovereign immunity appears not to be an issue at this point because the Ute IndianTribe and the State of Utah have been parties to this case as to the core jurisdictional issues since 1975, when the Tribe commenced this action and the State intervened, filing a Complaint in Intervention against the Tribe in November 1975 — as to which the Tribe raised no claim of sovereign immunity. Moreover, the three agreements signed by the parties in 2000 include express waivers of governmental immunity as to disputes arising under the agreements.

The plaintiff's argument regarding the State's failure to join the United States as an indispensable party lacks persuasive force. The plaintiff points to *Texas v. New Mexico*, 352

---

[8](*Id.* at 7 (Prayer).)

4

U.S. 991 (1957), a suit involving the apportionment of water flowing in an interstate river in which the Court adopted the finding of the Special Master that the United States was indispensable in its role as trustee for various Indians. A judicial decree in that water rights case would have "necessarily affect[ed] adversely and immediately the United States" in its fiduciary capacity in relation to Indian land and natural resources. Not so here, where property rights in Ute tribal land and natural resources are not at issue. This is a *jurisdictional* case. And we cannot overlook the fact that the United States has already appeared in this case long since as an *amicus curiae*.

What the State appears to seek is a specific declaration as to the scope of tribal regulatory authority over non-Indians within the Uncompahgre Reservation, applying the curious legal standard first articulated in *Montana v. United States*, 450 U.S. 544 (1981).

The legal question of the respective scope of State, local and tribal jurisdiction within the existing Ute reservation boundaries rests at the core of this case, and will be fully addressed in the context of the plenary hearing to be conducted later this year. That question demands full and definitive resolution.

The State of Utah's Counterclaim joins issue on the jurisdictional question, as do the plaintiff's own pleadings. Each is entitled to a thoughtful and reasoned determination on the merits.

For these reasons,

**IT IS ORDERED** that Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss Uintah County's Amended Counterclaim, filed July 26, 2013 (CM/ECF No. 278), is GRANTED IN PART as to alleged participation in frivolous lawsuits, and DENIED IN PART as to core jurisdictional issues;

**IT IS FURTHER ORDERED** that Third-Party Defendants' Rule 12(b) Motion and Supporting Memorandum to Dismiss Uintah County's Third-Party Complaint, filed October 22, 2013 (CM/ECF No. 321) is GRANTED;

**IT IS FURTHER ORDERED** that Uintah County is granted leave to amend its pleadings within twenty (20) days of the date of this Order, consistent with this court's rulings;

**IT IS FURTHER ORDERED** that Plaintiff's Rule 12(b) Motion and Supporting Memorandum to Dismiss the State of Utah's Counterclaim, filed July 9, 2013 (CM/ECF No. 270) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Defendant Uintah County's Counterclaim, filed May 29, 2013 (CM/ECF No. 222), is DENIED AS MOOT, given the filing of Uintah County's amended pleadings; and

**IT IS FURTHER ORDERED** that Uintah County's Rule 12(c) Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, filed June 19, 2013 (CM/ECF No. 250), IS DENIED.

DATED this 23rd day of April, 2014.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge