Jesse C. Trentadue (#4961)
Britton R. Butterfield (#13158)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Tel: (801) 532-7300
Fax: (801) 532-7355
jesse32@sautah.com
chuefner@sautah.com
nhoagland@sautah.com
bbutterfield@sautah.com
*Attorneys for Wasatch County,
Scott Sweat, and Tyler J. Berg*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHARD DOUGLAS HACKFORD,<br><br>Plaintiff,<br>v.<br><br>THE STATE OF UTAH, WASATCH COUNTY, a Political subdivision of the State of Utah, GARY HERBERT, in his capacity as Governor of Utah, SEAN D. REYES, in his capacity as Attorney General of Utah, SCOTT SWEAT, in his capacity as County Attorney for Wasatch County, and TYLER J. BERG, in his capacity as Assistant County Attorney Wasatch County, Utah,<br><br>Defendants. | **ORDER RE: MOTION FOR PRELIMINARY INJUNCTION**<br><br>**CONSOLIDATED CASES**<br><br>Civil No. 2:75-cv-00408<br>2:13-cv-00276<br>2:13-cv- 1070<br>2:14-cv-00644<br><br>Judge Bruce S. Jenkins<br>Magistrate Judge Dustin B. Pead |

On May 28, 2015, the above captioned case came on for a regularly scheduled Final Pre-Trial Conference, also scheduled to be heard was Plaintiff Richard Douglas Hackford's *Motion for Preliminary Injunction* by which he seeks an *Order* from the Court enjoining the State of Utah and Wasatch County from prosecuting him for violations of Utah State law.[1] Pursuant to that *Motion*, Mr. Hackford is seeking an *Order* enjoining the State and County from prosecuting him for a traffic offense that allegedly occurred during January of 2014 on State Road 40 in Wasatch County, Utah between mile posts 44 and 47 (hereafter referred to as the "site of the offense").

Mr. Hackford was represented at the hearing by Elizabeth Shaffer. The State of Utah appeared though Randy Hunter and Katharine Kinsmen. Wasatch County, Wasatch County Attorney Scott Sweat and Deputy Wasatch County Attorney Tyler J. Berg were represented by Jesse C. Trentadue. Uintah County was represented by Blaine Rawson, with Uintah County Attorney G. Mark Thomas also being in attendance as a representative of Uintah County. The Ute Indian Tribe of

---

[1] Doc. 675.

the Uintah and Ouray Reservation was represented by J. Preston Stieff, and Jeffrey S. Rasmussen.

The Court having considered the *Joint Pre-Trial Order* filed by the parties,[2] having reviewed the submissions by the parties and the arguments of counsel, hereby enters the following *Findings of Fact*:

1. Based upon his alleged Indian status and/or the site of the offense allegedly being within "Indian Country," Mr. Hackford contends that the State of Utah and/or Wasatch County, Utah lack the jurisdiction to prosecute him for violations of State law. According to Mr. Hackford, he is only subject to the criminal jurisdiction of the United States and not the State or Wasatch County.

2. Mr. Hackford admits in the *Joint Pre-Trial Order* that under the *Ute Partition Act* (25 U.S.C. § 677) he is identified on the Federal Register as a "mixed-blood" Ute Indian with enrollment number 142.[3] In this case, Mr. Hackford basis his alleged Indian status on the fact of his being a "mixed-blood Ute."

---

[2] Doc.863.

3. Mr. Hackford likewise admits in the *Joint Pre-Trial Order* that by a Presidential Proclamation dated August 3, 1905,[4] land was withdrawn from the Uintah Indian Reservation to be set apart for a reservoir site;[5] that by the Act of April 4, 1910,[6] Congress specifically provided that with respect to this land withdrawn from the Uintah Indian Reservation for use as a reservoir, "All right, title and interest of the Indians in the same lands are hereby extinguished and the title, management and control thereof shall pass to the owners of the lands irrigated from said project. . . ;"[7] and that the site of the offense was part of those lands that had been withdrawn from the Uintah Indian Reservation and set aside for a reservoir site.[8]

4. Mr. Hackford also admits in the *Joint Pre-Trial Order* that the

---

[3] *Id.* at p. 4, ¶ 6.
[4] 34 Stat. 3141.
[5] Doc.863, p. 5, ¶ 14.
[6] 36 Stat. 269, 285.
[7] Doc.863, p. 5, ¶ 15.
[8] *Id.* at p. 5, ¶ 16.

section of Highway 40 constituting the site of the offense is under the ownership of the United States, and under the administration of the United States Forest Service, which is part of the United States Department of Agriculture.[9]

5. In the *Joint Pre-Trial Order*, the parties agree that by the Act of October 31, 1988,[10] the land that had been withdrawn for a reservoir site, including the site of the offense, was included into and made a part of the Uinta National Forest.[11] Mr. Hackford contends, therefore, that because it is part of the Uinta National Forest, the site of the offense is now Indian County beyond the criminal jurisdiction of the State and/or Wasatch County.

6. The Ute Tribe contends that the site of the offense was not within "Indian Country" as that term is defined by federal law. The Ute Tribe likewise contends that Mr. Hackford is not an "Indian" as that term is defined by federal law. It is the Ute Tribe's position, therefore, that Mr. Hackford is subject to the jurisdiction of the State of Utah and Wasatch County.

7. The Court finds that the site of the offense ceased to be part of Indian

---

[9] *Id.* at p. 6, ¶ 18.
[10] 102 Stat. 2826.
[11] Doc.863, p. 5, ¶ 17.

County when it was withdrawn from the Uintah Indian Reservation and set aside for use as a reservoir, and that the status of this land did not change when it was subsequently incorporated into the Uinta National Forest. The Court, however, confines its findings of non-Indian Country status to the site of the offense and does not make any findings as to whether all of the lands withdrawn from the Uintah Indian Reservation and set a part for a reservoir site are also no longer Indian Country.

8. The Court further finds that even if the site of the offense was in fact Indian Country according to federal law Mr. Hackford, despite his claim to be of Indian heritage, is not an Indian so as to be beyond the criminal jurisdiction of the State and/or Wasatch County.

Based upon the forgoing *Findings of Fact*, the Court hereby enters the following *Conclusions of Law*:

1. To escape the criminal jurisdiction of the State and/or Wasatch County, Mr. Hackford must be both an Indian as that term is defined under federal law, and the site of the offense must be within Indian Country; whereas Mr.

Hackford is not an Indian, and the site of the offense was not within Indian Country.

2. In order to obtain the relief that he seeks, which is an *Order* from this Court enjoining his prosecution by the State and/or Wasatch County, Mr. Hackford must show a substantial likelihood of prevailing on the merits and that he has not done nor, given the current state of the law, can he do so.

3. Insofar as Mr. Hackford's claims are essentially distinct from those of the other parties to this consolidated case, the Court finds pursuant to *Fed. R. Civ. P.* 54(b) that there is no just reason for delay in the entry of a final judgment with respect to Mr. Hackford's claims so as to make the Court's decision immediately appealable upon entry of that judgment.

Based upon the *Findings of Fact* and *Conclusions of Law* set forth herein above:

1. IT IS HEREBY ORDERED ADJUDGED AND DECREED that Mr. Hackford's *Motion for A Preliminary Injunction* is DENIED,[12]

2. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

---

[12] Doc. 675.

Mr. Hackford's *Complaint for Declaratory and Injunctive* relief is DISMISSED WITH PREJUDICE,[13]

    3.    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that by this *Order* the Court intends to dispose of and hereby does dispose of all of Mr. Hackford's claims on the merits, AND

    4.    IT IS FINALLY ORDERED, ADJUDGED AND DECREED that a final judgment be entered in this matter pursuant to *Fed. R. Civ. P.* 54(b).

DATED this 7th day of August, 2015.

BY THE COURT:

Bruce S. Jenkins
United States District Court Judge

*T:\4000\4530\128\ORDER ON PRELIMINARY INJUNCTION.wpd*

---

[13] Doc. 2.

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 5th day of August, 2015, I served the foregoing document via e-mail upon the following individuals:

Elizabeth A. Shaffer, Esq.
ELIZABETH A. SHAFFER, PLLC
2041 Sidewinder Drive, Suite 2
Park City, Utah 84060
*Attorneys for Plaintiff*

J. Preston Stieff, Esq.
J. PRESTON STIEFF LAW OFFICES
136 East South Temple, Suite 2400
Salt Lake City, Utah 84111
*Attorneys for Ute Tribe*

E. Blaine Rawson, Esq.
Gregory J. Savage, Esq.
Calvin R. Winder, Esq.
Matthew M. Cannon, Esq.
Ray Quinney & Nebeker
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0835
*Attorneys for Uintah County*

Randy S. Hunter, Esq.
Katharine H. Kinsman, Esq.
Bridget Romano, Esq.
Parker Douglas, Esq.
Assistant Utah Attorney General
Utah State Capital
350 North State St., Ste. 230
Salt Lake City, UT 84114-2320
*Attorneys for the State of Utah, Gary Herbert and Sean Reyes*

Jeffrey S. Rasmusssen
Jeremy J. Patterson
Frances C. Bassett
FREDERICKS PEEBLES & MORGAN, LLP
1900 Plaza Dr.
Louisville, CO 80027-2314
*Attorneys for Ute Tribe*

                                          /s/ jesse c. trentadue