IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, UTAH<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>No. 2:75-cv-00408-RJS<br><br>Judge Robert J. Shelby |

Pending before the court is Plaintiff Ute Indian Tribe (Tribe)'s Unopposed Motion to Certify for Interlocutory Appeal.[1]  Pursuant to 28 U.S.C. § 1292(b), the Tribe seeks immediate certification to appeal the court's March 23, 2026 Order declaring split estate land is not Indian Country.[2]  For the reasons explained below, the court grants the Motion.

## BACKGROUND

This case has an arduous history dating back factually to the creation of the Uintah Reservation in 1861 and procedurally to the filing of the Complaint in 1975.[3]  The court presumes familiarity with the general underlying facts and procedural history and briefly recites the most recent history relevant to the pending Motion.[4]

---

[1] Dkt 1333, *Unopposed Motion to Certify for Interlocutory Appeal* (*Motion*).

[2] Dkt. 1331, *Memorandum Decision and Order* (*Order*).

[3] *Id.* at 2–3; *see also Ute Indian Tribe v. Utah* (*Ute I*), 521 F. Supp. 1072 (D. Utah 1981); *Ute Indian Tribe v. Utah* (*Ute II*), 716 F.2d 1298 (10th Cir. 1983); *Ute Indian Tribe v. Utah* (*Ute III*), 773 F.2d 1087 (10th Cir. 1985) (en banc); *Ute Indian Tribe v. Utah* (*Ute IV*), 935 F. Supp. 1473 (D. Utah 1996); *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. Utah* (*Ute V*), 114 F.3d 1513 (10th Cir. 1997); *Ute Indian Tribe v. Utah* (*Ute VI*), 790 F.3d 1000 (10th Cir. 2015); *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. Myton* (*Ute VII*), 835 F.3d 1255 (10th Cir. 2016).

[4] For a more robust summary, see *Order* at 2–5.

Parties have been participating in meditation through the Tenth Circuit's Mediation Office since February 2017.[5]  In September 2025, the parties filed a joint motion to reopen the case to resolve the "sole remaining legal issue."[6]  The court was tasked with determining "whether the surface of 'split estate lands' are 'Indian Country' or 'non-Indian Country' for purposes of determining criminal and civil jurisdiction over matters occurring on the surface of the split estate lands."[7]  "Split estate land" is defined as land where (1) the Tribe "holds a sub-surface mineral estate interest," and (2) "the surface estate of the lands have all three of the following characteristics: (i) were 'unallotted;' (ii) were 'opened to non-Indian settlement under the 1902–1905 legislation;' and (iii) were not thereafter 'returned to tribal ownership.'"[8]  On March 23, 2026, after the benefit of briefing and oral argument, the court resolved the split estate issue, finding "split estate land is not Indian Country."[9]

On April 21, 2026, the Tribe filed the Motion seeking to certify the split estate issue for interlocutory review.[10]  Defendants do not oppose certifying the question for appeal.[11]

## LEGAL STANDARD

Generally, federal courts of appeals have jurisdiction only to hear appeals from a district court's final decision.[12]  Section 1292(b) provides a limited exception and permits interlocutory appeal if the district court certifies (1) the order "involves a controlling question of law;" (2)

---

[5] *See* Dkt. 1268, *Order*.

[6] Dkt. 1304, *Joint Motion to Reopen Case and for Status Conference* (*Joint Motion*) at 1.

[7] *Id.* at 2.

[8] *Id.* at 2 n.1 (quoting *Ute V*, 114 F.3d at 1528).

[9] *Order* at 16.

[10] *Motion*.

[11] *Id.* at 2.

[12] 28 U.S.C. § 1291.

there exists "substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[13]  "The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal."[14]  "Section 1292(b) is meant to be used sparingly and interlocutory appeals under this section are rare."[15]  The court has discretion to decide whether to certify an order for interlocutory appeal, even when the statutory requirements are met.[16]

## DISCUSSION

This order proceeds by considering each requirement under § 1292(b) in turn.

### I.    Controlling Question of Law

An order certified under § 1292(b) must involve a controlling question of law.[17]  This element is met if the question is (1) "serious to the conduct of the litigation, either practically or legally," (2) could "materially affect the outcome of the litigation in the district court," or (3) "might save time for the district court, and time and expense for the litigants."[18]

---

[13] 28 U.S.C. § 1292(b).

[14] *NorthStar Alarm Servs., LLC v. Alder Home Prot.*, No. 2:17-cv-01097-DN-PMW, 2019 WL 5727666, at *1 (D. Utah Nov. 5, 2019) (quoting 16 *Wright & Miller's Federal Practice & Procedure* § 3930 (3d ed. 1998) (Aug. 2019 update)).

[15] *United States v. $85,688.00*, No. 2:09-cv-00029-DS, 2010 WL 4791440, at *1 (D. Utah Nov. 18, 2010) (citing *Comacho v. P.R. Ports Auth.,* 369 F.3d 570, 573 (1st Cir. 2004)); *see also Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1071 (D. Utah 2022) (stating "interlocutory appeals should rarely be certified"); *Utah ex rel. Utah Dep't of Health v. Kennecott Corp.,* 14 F.3d 1489, 1495 (10th Cir. 1994) (explaining the district court acts "as a procedural screen to avoid a flood of fruitless petitions invoked contrary to the purpose of § 1292(b)").

[16] *Swint v. Chambers Cnty. Cmm'n*, 514 U.S. 35, 46 (1995) (explaining § 1292(b) gives "district courts first line discretion to allow interlocutory appeals"); *see also Chamberlain*, 622 F. Supp. 3d at 1071 (quoting *Pack v. Investools, Inc.*, No. 2:09-cv-1042-TS, 2011 WL 2161098, at *1 (D. Utah June 1, 2011)).

[17] 28 U.S.C. § 1292(b).

[18] *Roberts v. C.R. England, Inc.*, No. 2:12-cv-00302-RJS-BCW, 2018 WL 2386056, at *2 (D. Utah Apr. 24, 2018) (citation modified) (collecting cases).

Whether split estate land is Indian Country under the relevant *Ute* holdings is a question

of law.[19]  The question is controlling because resolving "the split estate issue is necessary to

facilitate the approval and execution of a consent decree and stipulation to end this litigation."[20]

The question is serious to the conduct of litigation because it will have the practical effect of

ending a case that has lasted over 50 years.[21]  Further, it will save the court and the parties time

and expense because an immediate appeal will lead to finalizing the consent decree.[22]  This

element is met.

## II.    Substantial Ground for Difference of Opinion

The controlling question of law must invite a substantial ground for difference of

opinion.[23]

> The level of uncertainty required to find a substantial ground for difference of
> opinion should be adjusted to meet the importance of the question in the context of
> the specific case.  If proceedings that threaten to endure for several years depend
> on an initial question . . . , certification may be justified at a relatively low threshold
> of doubt.[24]

Relevant here, a substantial ground for difference of opinion exists where "difficult questions of

first impression are presented."[25]  "When novel legal issues are presented, on which fair-minded

---

[19] *Order* at 6–7 (resolving the issue as a matter of law).

[20] *Id.*

[21] *See Kell v. Crowther*, No. 2:07-cv-00359-CW, 2018 WL 813449, at *2 (D. Utah Feb. 9, 2018).

[22] *See Motion* at 3, 6–7.

[23] 28 U.S.C. § 1292(b).

[24] *NorthStar Alarm Servs.*, 2019 WL 5727666, at *1 (quoting 16 *Wright & Miller's Federal Practice & Procedure* § 3930 (3d ed. 1998) (Aug. 2019 update)).

[25] *Chamberlain*, 622 F. Supp. 3d at 1072 (quoting *Roberts*, 2018 WL 2386056, at *2).

jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal . . . ."[26]

Here, a relatively low threshold for this requirement applies. The question is very important to this case. Proceedings have lasted for decades and threaten to endure indefinitely without the court of appeals weighing in on the split estate issue.[27] This case involves over fifty years of litigation.[28] For the reasons the court discusses next, final resolution of the split estate will facilitate the termination of the case. The requisite threshold is met here. The split estate issue is a question of first impression. No court has ruled on how the relevant *Ute* holdings apply to split estate land.[29] While the court is confident in its analysis, there is room for differences in opinion.[30] This is sufficient to satisfy this prong.

### III.    Materially Advance Termination of the Litigation

The resolution of the controlling question of law must materially advance the ultimate termination of the litigation.[31]  "This requirement reflects a 'primary purpose of § 1292(b)'—to avoid unnecessary litigation."[32]

The requested appeal would materially advance the ultimate termination of the litigation. After over fifty years of litigation, the split estate is the "sole remaining legal issue" between the

---

[26] *Id.* (first quoting 2 Fed. Proc., L. Ed. §3:218, then citing *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011); then citing *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994); and then citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)).

[27] *See Motion* at 3 (stating the consent decree cannot be finalized without resolving this "area of impasse").

[28] *See Order* at 3–5 (summarizing procedural history since the case was filed in 1975).

[29] *See id.* at 8–9.

[30] *See* Dkt. 1317, *Brief on Split Estates*; Dkt. 1321, *Response/Reply Brief on Split Estate Issue*.

[31] 28 U.S.C. § 1292(b).

[32] *Roberts*, 2018 WL 2386056, at *3 (quoting *Kennecott*, 14 F.3d at 1495).

defendants here.[33]  The parties agree, "Resolution of the split estate issue is necessary to facilitate the approval and execution of a consent decree and stipulation to end this litigation."[34]  As the Motion explains, "The Tribe's view is that it is unclear if there is any path for termination of this litigation without an immediate appeal."[35]  Because permitting an interlocutory appeal will facilitate the termination of this case, the court concludes this element strongly weighs in favor of certification.

Because the three statutory requirements for interlocutory appeal are satisfied, the court must determine whether it should exercise its discretion to certify the issue for appeal.  On balance, the probable gains of immediate appeal substantially outweigh any possible losses.[36]  The court finds the case's long procedural history and the lack of opposition from the defendants especially persuasive to warrant exercising its discretion under § 1292(b).  Accordingly, the court amends and certifies the Order to allow an interlocutory appeal of the split estate issue.

**CONCLUSION**

For the reasons discussed above, the court GRANTS the Motion.[37]  The Court's Order[38] is hereby AMENDED to include a certification for interlocutory review under 28 U.S.C. § 1292(b).

---

[33] *Joint Motion* at 2.  The court notes there may be an unresolved issue between the Tribe and Myton City and Duchesne City.  *See* Dkt. 1311, *Defendants Myton City's and Duchesne City's Response to Joint Motion to Reopen Case and for Status Conference.*  Even so, resolving the split estate issue will resolve all legal issues between the Tribe and the majority of the defendants.  *See Joint Motion* at 3–5 (joined by the Tribe; State of Utah; Spencer J. Cox, in his official capacity as Governor of Utah; Sean David Reyes, in his official capacity as Attorney General of Utah; Duchesne County; Tyler Berg, in his capacity as Assistant County Attorney for Wasatch County; Scott Sweat, in his capacity as County Attorney for Wasatch County; Wasatch County; and Uintah County).

[34] *Order* at 6–7 (*Joint Motion* at 2).

[35] *Motion* at 3.

[36] *See NorthStar Alarm Servs.*, 2019 WL 5727666, at *1.

[37] Dkt. 1333.

[38] Dkt. 1331.

SO ORDERED this 7th day of May, 2026.

BY THE COURT:

_____

ROBERT J. SHELBY
United States District Judge